defendant's further contention that multiple identification proceedings occurred in this case.

We agree with defendant, however, that the court erred in admitting in evidence testimony concerning the seizure of $1,027 in cash from defendant at the time of his arrest, as well as the cash itself. Defendant was arrested over one month after the drug sales that were the basis for the charges against him, and the People failed to establish a relationship between that cash and the charges in question. We thus conclude that defendant's possession of the cash was "too remote to the issue of [defendant's] intent to sell drugs to outweigh the potential for prejudice inherent in the admission of evidence which invited the jury to speculate that defendant had previously sold drugs" (*People v Corbitt*, 221 AD2d 809, 810 [1995]). Nevertheless, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EPHRIAM HUNTER, Appellant. (Appeal No. 1.) [890 NYS2d 887]—

■ Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EPHRIAM HUNTER, Appellant. (Appeal No. 2.) [890 NYS2d 887]—

■ Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIS B. MADDOX, Appellant. [890 NYS2d 844]—